**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50725**
**Summary Calendar**

_____

**IN RE: ROBERT ENRIQUEZ CASTILLO,**

**Debtor,**

**HELEN G. SCHWARTZ, TRUSTEE,**

**Appellant,**

**versus**

**ROBERT ENRIQUEZ CASTILLO,**

**Appellee.**

_____

Appeal from the United States District Court
for the Western District of Texas
Civil Docket #SA-99-CV-7
_____

July 7, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy case, the lower court made a fact-intensive decision that the debtor had perfected his homestead rights in a property formerly used by him as rental property, where (1) he got divorced; (2) he promptly informed the tenant, six months before filing bankruptcy, that she must move out at the end of the lease as he intended to move in; and (3) he did move in just after the tenant left. Although there are isolated contrary facts

_____

        [*]       Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the record, the trustee has not demonstrated that the findings that Castillo both intended and overtly prepared to claim the property as homestead after abandoning his previous homestead are clearly erroneous or contrary to Texas law.  The judgment is **AFFIRMED** for essentially the reasons stated by the bankruptcy court.